UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ELLIOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Case No. C06-5178 FDB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant State of Washington Department of Corrections' Motion for Summary Judgment seeking dismissal of Plaintiff's claim under the American with Disabilities Act (ADA) 42 U.S.C. § 1201 *et seq*. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants summary judgment and dismisses Plaintiff's case for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

Plaintiff James Elliott is an inmate in the custody of the Washington State Department of Corrections (DOC) at the Monroe Correctional Complex.  In February 2004, James Elliott plead guilty to charges of Rape of a Child in the Second Degree and Child Molestation.  Pierce County Superior Court Judge Stephanie Arend entered the Judgement and Sentence on May 18, 2004.

ORDER - 1

Judge Arend sentenced Mr. Elliott to the custody of the DOC for a minimum term of 131 months, with a maximum term of life imprisonment.  That sentence was suspended as Judge Arend found Mr. Elliott eligible for the Special Sex Offender Sentencing Alternative (SSOSA).  Mr. Elliott was sentenced to six months of electric home monitoring.  In addition, Mr. Elliott was placed on community custody and ordered to undergo and successfully complete sex offender treatment, to have no contact with minors and not possess or pursue pornographic materials.

Mr. Elliott violated the terms and conditions of his SSOSA sentence by having contact with minors and accessing pornographic websites.  On May 13, 2005, Mr. Elliott, represented by counsel, appeared before Judge Arend on a violation hearing.  Judge Arend revoked the SSOSA sentence and ordered Mr. Elliott committed to DOC to serve his underlying sentence.  His incarceration commenced on May, 19, 2005.

Mr. Elliott then commenced this lawsuit.  The Complaint asserts that Mr. Elliott suffers from cerebral palsy and functions at a 14 year old developmental level.  Mr. Elliott complains that the "[c]onditions of DOC are designed for clients without disabilities and were never totality explained to Mr. Elliott.  The number of conditions discriminates against persons with disabilities such as Mr. Elliott, as he does not have the memory, coping, or understanding expected of an average adult.  His developmental age is fourteen and DOC expects him to comply with twenty-four conditions written for adult offenders."  Mr. Elliott contends the placement of these conditions on Mr. Elliott was discriminatory, that the DOC had a duty to accommodate Mr. Elliott to prevent ultimate failure to comply with the SSOSA sentence, and that conducting violation hearings utilizing these conditions constitutes discrimination against the disabled.   Mr. Elliott requests relief in the form of reinstatement of his SSOSA sentence, accommodation of his disability, and an award of monetary damages and attorney's fees.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where there is no genuine issue of material fact and the

ORDER - 2

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the opposing party must show that there is a genuine issue of material fact for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).   A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The opposing party may not rest upon the mere allegations or denials of the moving party's pleading, but must present significant and probative evidence to support its claim.  <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).  For purposes of this motion, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party.  <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is mandated where the facts and the law will reasonably support only one conclusion.

**AMERICANS WITH DISABILITIES ACT**

Plaintiff brings this claim pursuant to Title II of the Americans with Disabilities Act.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The broad language of the ADA brings within its scope programs or services provided at jails, prisons, and any other custodial or correctional institution, even though participation in such programs, services, and activities may be mandatory. <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206, 211 (1998).  See also, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 691 (9th Cir. 2001)(recognizing that incarceration itself is hardly a program or activity under the ADA, but that mental health services and other activities or services undertaken by law enforcement and correctional facilities come within the

ORDER - 3

meaning of the ADA).[1]

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

With respect to the first element, the ADA defines "disability" as: (a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2); Thompson v. Davis, 295 F.3d 890, 896 (9th Cir. 2002). Although lacking the necessary proof to overcome summary judgment, it will be assumed for the sake of argument that Mr. Elliott has the disability of which he alleges.[2]

The ADA defines discrimination as a public accommodation treating a disabled patron the same as other patrons despite the former's need for a reasonable modification. Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1086 (9th Cir. 2004). The purpose of the ADA's reasonable accommodation requirement is to guard against the facade of "equal treatment" when particular accommodations are necessary to level the playing field. McGary, at 1267. There is no factual

---

[1] Mr. Elliott asserts that there is no exhaustion requirement for ADA claims. He is incorrect. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires prisoner litigants to exhaust all administrative remedies before seeking relief under any federal statute. The exhaustion requirement is strictly construed and stringently applied. Porter v. Nussle, 534 U.S. 516, 524 (2002). The PLRA exhaustion requirement applies to a prisoner's ADA claim. Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001); Carrasquillo v. New York, 324 F.Supp.2d 428 (S.D. N.Y. 2004). However, DOC has not raised the issue of exhaustion and it will not be considered.

[2] In opposing summary judgment, Mr. Elliott may not rest upon the mere allegations of his complaint. There must be evidence to support his claim of disability.

ORDER - 4

evidence that the DOC deprived Mr. Elliott of a service, program or activity. The basic premise to Mr. Elliott's ADA claim is that the DOC failed to accommodate his alleged disability by crafting the conditions of his SSOSA sentence so that he could understand and comply with the conditions. It is not the DOC, however that "crafted" the conditions of the SSOSA sentence. These conditions are contained in Mr. Elliott's Judgement and Sentence entered by Judge Arend and his compliance with them was ordered by the Superior Court.

RCW 9.94A.670 sets forth the statutory framework for a convicted sex offender's participation in SSOSA. The statute permits the court to order outpatient sex offender treatment, up to six months of confinement and to order compliance with crime-related prohibitions. See, RCW 9.94A.670(4)(b), (5)(a) and (5)(b). Mr. Elliott's Judgement and Sentence imposed crime-related prohibitions, including that he not have contact with minors or pursue pornography. The court imposed these conditions, not DOC. RCW 9.94A.670(10) authorizes the court to revoke the SSOSA sentence if the offender violates the conditions imposed in the sentence. The court conducted the violations hearing and revoked the SSOSA sentence, not the DOC. The loss of the SSOSA sentence was the result of Mr. Elliott's failure to comply with conditions imposed by the court, not the DOC. The allegation that the DOC failed to accommodate his inability to understand or comply with the conditions imposed by his sentence, is a complaint that goes to the imposition of the sentence by the Superior Court.[3]

## CONCLUSION

For the reasons set forth above, Defendant State of Washington Department of Corrections is entitled to summary judgment of dismissal of Plaintiff's claims in their entirety.

---

[3] Judge Arend is provided judicial immunity for her sentencing decisions. See, Mireles v. Waco, 502 U.S. 9 (1991). Suits challenging the validity of the prisoner's continued incarceration lie within the scope of habeas corpus relief. Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).

ORDER - 5

ACCORDINGLY,

IT IS ORDERED:

Defendant State of Washington Department of Corrections' Motion for Summary Judgment [Dkt. #12] is **GRANTED**, and this case dismissed in its entirety, with prejudice.

DATED this 2ND day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6